# OCTOBER TERM 1886.

## The Township of Monroe v. Walter L. Whipple.

[See 56 Mich. 516.]

*Township treasurer—Settlement with township—Suit to recover an alleged balance in his hands—Special finding of jury that settlement was had with town board each year during his term—And that balance found due on last settlement was paid to his successor—In absence of error of law, judgment for defendant affirmed.*

Where, in a suit by a township against an ex-treasurer to recover an *alleged* balance of township money in his hands, the jury found specially that the defendant settled with the township board each year during the time he was treasurer, and that on the *last* settlement a balance of $724.68 was found due the township, which he paid over to his successor in office,—

*Held*, that it is not the province of the Court to consider the *facts* further than becomes necessary to ascertain whether or not the law was correctly applied, and, it appearing that the rulings of the circuit judge could not have prejudiced the rights of the plaintiff, the judgment in favor of the defendant was affirmed.

Error to Newaygo. (Fuller, J.) Argued April 15, 1886. Decided October 7, 1886.

Trover. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Albert G. Day* (*H. J. Hoyt*, of counsel), for appellant:

The right to sue in trover was recognized in *Township of Monroe v. Whipple*, 56 Mich. 516.

The *intent* of defendant in keeping the township money is immaterial; when the *fact* is proven, the law says the money belongs to the township, having come to defendant's hands as treasurer; and, furthermore, no punitory damages are claimed: 1 Chitty, Pleading (16th ed.), *145.

*George Luton* (*John B. Upton*, of counsel), for defendant:

Written settlements and judicial determination of the township board, showing the indebtedness of defendant, were evidence of a settlement between the township and its treasurer: *Bourke v. James*, 4 Mich. 336.

There was no error in refusing the plaintiff's requests, as they were given to the jury by the court in language more clear than the counsel for the plaintiff summoned power to express: *Josselyn v. McAllister*, 22 Mich. 300.

The court, in refusing to charge the jury, to wit: "It is the duty of the jury to find for the plaintiff," etc., did not err, because the evidence was conflicting: *Atkinson v. Scott*, 36 Mich. 18.

Plaintiff is estopped from now calling upon defendant after his vouchers have been destroyed, and after he had seven times satisfactorily accounted for all moneys that had ever come into his hands as collector of taxes. He ought not again to be harassed with another trial. The township boards acted judicially, and in no other capacity, in auditing his accounts, which was done each year: *Gordon v. Farrar*, 2 Doug. (Mich.) 411; *Wall v. Trumbull*, 16 Mich. 228; *Yates v. Lansing*, 5 Johns. 291; S. C. 9 Id. 396; *Stewart v. Hawley*, 21 Wend. 552; *Weaver v. Devendorf*, 3 Denio, 117; *Vail v. Owen*, 19 Barb. 22; *Hill v. Selleck*, 21 Id. 207; *Wilkes v. Dinsman*, 7 How. 89.

Plaintiff has made no case against him under the declaration; it has not shown such a state of facts as will sustain an action of trover: *Perley v. Muskegon County*, 32 Mich. 132; *People v. Bringard*, 39 Id. 22; *State v. Harper*, 6 Ohio St. 608; *Muzzy v. Shattuck*, 1 Denio, 233; *Inhabitants of Hancock v. Hazzard*, 12 Cush. 112; *Inhabitants of Colerain v. Bell*, 9 Metc. 499.

The duties of the township clerk and township treasurer are found in How. Stat. §§ 739, 746–749.

If the township board had made a determination upon any of its annual settlements, and the treasurer wished to complain of its action, his only remedy would be by *certiorari* from the proper court: *Town of Marathon v. Oregon*, 8 Mich. 372.

SHERWOOD, J. The defendant in this case was treasurer and collector of taxes in the plaintiff township from 1875 until 1882.

The plaintiff's claim is that, in April, 1882, at the time the

defendant went out of office, he owed the township $7,225.88, instead of $724.68, as claimed by the defendant, and which amount he accounted for and paid over to his successor.

The defendant claims that he settled his official account with the township board at the end of each year during the time that he held the office, and that he accounted each time for all the moneys he had received to the board, and to their entire satisfaction, and that he held the board's statements to that effect; that the last settlement with the township board was held on the twenty-eighth day of March, 1882; that at this time his entire accounts for all his terms of service were reviewed and examined, after which a final settlement was made, and his accounts were found satisfactory to the entire board, and all the members thereof signed a statement of the result and their determination of the matters, and that the amount then owing by the defendant was as before stated.

The plaintiff's contention is that the testimony shows, conceding the claimed settlements were made, that there were each year balances due the town from $2,892.71 to $5,125.44, and that none of these were carried over to the succeeding years, when settlements were made, as they should have been; that if all the transactions previous to the year 1881 are thrown aside, and the balance due the town brought forward into the accounting for 1882, as it should have been, still there would be owing on that settlement alone, to that township, $2,035.56, instead of the sum of $724.68, as accounted for by defendant.

Upon these two theories of the parties the testimony in the case was taken, and the cause submitted to the jury by the court, and a verdict was obtained for the defendant; and unless some error was committed by the court in passing upon questions arising upon the trial or in the charge, the verdict and judgment must stand.

The jury found specially, upon a question submitted to them by the court at the request of counsel for defendant,—

" That the defendant did, as township treasurer and collector of taxes, settle with the township board each year during

the time he was township treasurer and collector of taxes for the said township of Monroe."

They also in like manner found the amount due on the last settlement from the defendant was $724.68, and that he paid the same over to his successor in office.

It is not our province to consider the facts further than becomes necessary to ascertain whether or not the law has been applied correctly. Still we must say that the results reached by counsel for plaintiff in his brief have impressed us most favorably.

We have carefully considered the points made in all the assignments of error, but have discovered no rulings of the circuit judge which could have affected the jury prejudicially to the rights of the plaintiff; and it is therefore unnecessary to discuss separately or at length the errors assigned.

The case was both an important and peculiar one upon its facts, and a further discussion of the questions of law arising thereon could be of little benefit or interest, except to the parties immediately concerned. It is therefore unnecessary that the several rulings of the circuit judge be further considered in this opinion.

The judgment must be affirmed.

The other Justices concurred.